UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIM CAROLYN N. OLDS,       )
                      )
        Plaintiff,      )
                      )
       v.            )      Civil Action No. 04-1048 (JGP)
                      )
ANDREW NATSIOS,        )
                      )
        Defendant.    )
_____)

MEMORANDUM OPINION

      This employment discrimination case is before the Court on defendant's motion to dismiss or for summary judgment [Dkt. No. 21], which plaintiff has opposed [Dkt. No. 24]. Plaintiff sues her former employer, the United States Agency for International Development ("USAID"), under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Upon consideration of the parties' submissions and the entire record, and for the following reasons, the Court will grant defendant's motion to dismiss the Title VII claims and its motion for summary judgment on the Rehabilitation Act claim.

I. FACTUAL BACKGROUND

      Plaintiff alleges that defendant discriminated against her based on her disability, gender, and race. Amended Complaint at 2. The following facts are taken from Defendant's Local Rule 7.1(H) Statement of Material Facts as to Which There is No Genuine Issue ("Facts") and supporting exhibits. Plaintiff worked for USAID from December 25, 1994 until March 25, 2000, when she retired on disability. In 1997, plaintiff was diagnosed with Carpal Tunnel Syndrome.

"Plaintiff was steadily promoted and given high praise for her performance during the fours years that she reported for duty at the Agency." Facts ¶ 3. Following a job reassignment in April 1998, "plaintiff ceased reporting for duty and did not again report for duty prior to her retirement." *Id*. ¶ 4. While away, plaintiff underwent medical treatment, including surgery on both wrists. *Id*. ¶¶ 4, 11. She filed workers' compensation claims, which were "approved for at least part of the time between August 26, 1998 and plaintiff's retirement." *Id*. ¶ 4.

On August 10, 1998, plaintiff filed an EEO complaint, charging the agency with discrimination based on her disability (carpal tunnel syndrome), race (East Indian), color, and gender. Def.'s Ex. 1.[1] "The alleged discrimination occurred over a period [of] seven workdays immediately after entry on duty as a secretary in the G/PHN office on April 27." *Id*. at 2. Plaintiff sought "job reinstatement with accommodation with professional career latter [sic] as well as monetary." *Id*. at 1. On September 30, 1999, plaintiff applied for disability retirement, which was approved on March 13, 2000. By letter of April 7, 2000, the agency notified plaintiff that her application was approved, that her retirement was effective March 13, 2000, and that she was "separated . . . from USAID rolls, effective March 25, 2000." Def's Ex. 27. Plaintiff was further informed that if "at any point" she wanted to rescind the application, she could notify the Office of Personnel Management by written request. *Id*. Although plaintiff had subsequently expressed to a human resources specialist her reservations about retiring, she "signed all necessary documents to retire" on March 25, 2000. Declaration of Retta Burden (Def.'s Ex. 26) ¶ 3. Plaintiff never "provide[d] a written statement to the Agency withdrawing her request for retirement." *Id*.

---

[1]     Defendant's exhibits were filed on compact disk. *See* Dkt. Entry No. 22.

## II.  DISCUSSION

The amended complaint arises from the alleged conditions of plaintiff's employment and her alleged forced retirement.  Defendant seeks dismissal of the retirement claim for failure to exhaust administrative remedies and summary judgment on the remaining claims.[2]

### A.  Plaintiff's Retirement Claim

Plaintiff alleges that she was forced to retire when defendant failed to accommodate her disability.  "Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge." *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir.1995), *cert. denied*, 519 U.S. 811 (1996); *see also* 42 U.S.C. § 2000e-5(e)(1); *Washington v. Washington Metropolitan Area Transit Authority*, 160 F.3d 750, 752 (D.C. Cir.1998), *cert. denied*, 527 U.S. 1038 (1999).  "A Title VII lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Park*, 71 F.3d at 907 (quoting *Cheek v. Western and Southern Life Ins*. Co., 31 F.3d 497, 500 (7th Cir.1994) (omitting other citations)).  Plaintiff's administrative charge arose from events that occurred "over a period [of] seven workdays immediately after entry on duty as a secretary in the G/PHN office on April 27."  Def.'s Ex. 1 at 2.  Plaintiff has presented no evidence showing that she supplemented the original charge to include her subsequent retirement or that she filed a separate charge with the agency.  Any claims arising from plaintiff's alleged forced retirement are dismissed for failure to exhaust administrative remedies.

---

[2]    Defendant has withdrawn its initial assertion that the complaint should be dismissed as untimely.  Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment at 2 ("it appears that plaintiff has timely filed in the District Court").

*B. Plaintiff's Workplace Claims*

1. <u>Title VII</u>

Title VII prohibits discrimination in employment based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Plaintiff asserts gender and race discrimination in the original and amended complaints, but she does not provide any supporting facts in either pleading.  She therefore fails to state a claim upon which relief may be granted with respect to these protected classes.

Plaintiff also claims that she was retaliated against for pursuing EEO charges.  Pl.'s Oppos. at 4.[3]  Title VII prohibits an employer from discriminating against an employee who has "opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a).  To establish a *prima facie* case of retaliation, plaintiff must show that (1) she engaged in activity protected by Section 704(a) of Title VII, (2) she suffered an adverse job action as a result, and (3) a causal link exists between the employment action and the protected activity.  *See Mitchell v. Baldridge*, 759 F.2d 80, 86 (D.C. Cir. 1985); *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1423 (D.C. Cir. 1988); *Ferguson v Small*, 225 F. Supp.2d 31, 36-37 (D.D.C. 2002).  Plaintiff asserts that she "screamed loudly to be heard, filing charges of discrimination, even complaining to Office of Human Resources and seeking counseling with EEO officers at USAID.  Subject to these incidents, [d]efendant agency denied her a position following her hand surgeries and finally 'forced' her to go on permanent disability."  Plaintiff's Reply to Defendant's

---

[3]      Perhaps because plaintiff first raised this claim in her opposition, defendant has not addressed it.  The Court will address it pursuant to 28 U.S.C. § 1915(e), which requires the dismissal of "the case at any time if the court determines that," among other enumerated grounds, it fails to state a claim upon which relief may be granted."  *Id.*

Request for Motion to Dismiss, and/or Alternative for Summary Judgment [Dkt. No. 28] at 4.[4]

Nothing in the record substantiates plaintiff's claim of having been denied a position following

her submission of the EEO charge.  The undisputed facts are that plaintiff was employed as a GS-

08 Secretary at the time that she filed her EEO complaint, she did not report to work after filing

her EEO complaint on August 10, 1998, she was steadily promoted during the four years she had

reported to work, and she retired on disability in March 2000.  Plaintiff has failed to establish an

adverse job action as a result of her EEO activity.[5]  Her retaliation claim therefore is dismissed.

    2. Rehabilitation Act

    The gravamen of plaintiff's complaint is that defendant failed to accommodate her

workplace needs associated with her carpal tunnel syndrome, in violation of the Rehabilitation

Act.  Because the Court will rely on material beyond the pleadings to resolve this claim, it will

apply the standards for summary judgment   Summary judgment is appropriate when there is "no

genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(c).  When evaluating a summary judgment motion, the Court must view

the evidence in favor of the non-moving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

---

[4]     Defendant has not opposed the filing of plaintiff's sur-reply without leave.  In light of plaintiff's *pro se* status, the Court deems the sur-reply filed and considers it along with plaintiff's opposition [Dkt. No. 24].

[5]     Plaintiff attaches to her amended complaint correspondence that she alleges she received while on surgical leave informing her that her position was being abolished for economic reasons.  Attachment B.  The letter, dated May 6, 1999, is not a termination or demotion letter.  To the contrary, it informs plaintiff that the agency was "initiating an aggressive placement program for the incumbents of identified positions" in which it would make "every possible effort to locate a position for which you are qualified within the Agency at your present grade level."  *Id.*  The letter provides no evidence of an adverse job action and therefore is immaterial to the issues before the Court.  In her opposition [Dkt. No. 24], plaintiff concludes from the letter that "Defendant never intended to accommodate Plaintiff what-so-ever."  *Id.* at 5-6.  To the extent that plaintiff proffered the letter to support her claim of forced retirement, it is immaterial because, as determined above, that claim is not before Court.

255 (1986); *Washington Post Co. v. U.S. Department of Health and Human Services,* 865 F.2d 320, 325 (D.C. Cir. 1989).  "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994) (citing *Alveska Pipeline Serv. Co. v. United States Envtl. Protection Agency*, 856 F.2d 309, 314 (D.C. Cir. 1988)).  As the movant, defendant "has the initial burden of identifying evidence that demonstrates the absence of any genuine issue of material fact." *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).   Summary judgment is appropriate in an employment discrimination case "where either the evidence is insufficient to establish a prima facie case, . . . or, assuming a prima facie case, there is no genuine issue of material fact that the defendant's articulated nondiscriminatory reasons for the challenged decision is pretextual." *Paul v. Federal Nat'l Mortgage Ass'n,* 697 F. Supp. 547, 553 (D.D.C.1988) (citations omitted); *see Phillips v. Holladay Property Services, Inc.*, 937 F. Supp. 32, 34 (D.D.C.1996), *aff'd* No. 96-7202, 1997 WL 411695 (D.C. Cir. Jun 19, 1997).

Defendant argues that the evidence fails to establish a *prima facie* case.  To establish a *prima facie* case of discrimination based on failure to accommodate, plaintiff must show that (1) she is disabled within the meaning of the Act; (2) her employer was aware of her disability; (3) with reasonable accommodation she could perform the essential functions of the position; and (4) she was denied a reasonable accommodation.  *Scarborough v. Natsios*, 190 F. Supp. 2d 5, 19 (D.D.C. 2002) (citations omitted).  Defendant asserts that plaintiff is not disabled under the Act and, even if she is, it provided her with reasonable accommodations.

The Rehabilitation Act defines a disability as a "physical or mental impairment that substantially limits one or more major life activities."  29 U.S.C. § 705(9)(B).  "Major life activities" are defined by regulation as "functions, such as caring for oneself, performing

manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29

C.F.R. § 1630.2(i).   The Act's terms are "interpreted strictly to create a demanding standard

for qualifying as disabled." *Toyota Motor Manufacturing Kentucky, Inc. v. Williams*, 534 U.S.

184, 197 (2002).[6]   In analyzing the issue, the Court must "ask whether [plaintiff's]

impairments prevented or restricted her from performing tasks that are of central importance

to most people's daily lives."  *Id.* at 187.   A determination of disability is analyzed on a case-

by-case basis of how the impairment affects the life of the individual.  *Id.* at 198; *Sutton v.*

*United Air Lines*, 527 U.S. 471, 483 (1999) ("whether a person has a disability under the

ADA is an individualized inquiry.").   Plaintiff therefore must proffer "'evidence that the

extent of the limitation [caused by (her) impairment] in terms of [her] own experience . . . is

substantial.'"  *Toyota*, 534 U.S. at 198 (quoting *Albertson's Inc. v. Kirkingburg*, 527 U.S.

555, 567 (1999)) (brackets in original).

Plaintiff avers only that she has "difficulty . . . performing daily tasks." Pl.'s Opp.,

Ex. 19 (Affidavit of KimCarolyn N. Olds).   In addition to her affidavit, plaintiff has provided

affidavits from her husband, her 13-year old daughter, and a house guest, all attesting to the

pain and anguish they have witnessed of plaintiff in performing manual tasks and the assistance

they have provided her.  *Id.*   This evidence does not satisfy the "demanding standard" of a

disability under the Act, particularly when weighed against defendant's medical evidence that

overwhelmingly suggests plaintiff's condition as "mild at worst."   Def.'s Mem. at 13 (citing

record).

---

[6]     Although the *Toyota* case involved ADA claims, the Supreme Court looked to the regulations interpreting the Rehabilitation Act as one of "two potential sources of guidance . . . ." *Toyota*, 534 U.S. at 193.

Even if plaintiff is disabled, her claim fails nonetheless because defendant has demonstrated that it provided reasonable accommodations.  Defendant's evidence shows that it consulted with plaintiff about her needs (Def.'s Ex. 19, Declaration of Patrick Fleuret ¶ 3), purchased ergonomic equipment consisting of a keyboard, track ball mouse, and wrist pads that plaintiff's doctor had prescribed (Def's Exs. 13, 22), and approved on several occasions plaintiff's requests for advanced sick leave to undergo physical therapy.  Flueret Decl. ¶ 1; Ex. 13.  In light of this evidence, plaintiff "has the burden of going forward with the evidence concerning possible [additional] accommodations to rebut the employer's evidence." *Carter v. Bennett*, 651 F. Supp. 1299, 1301 (D.D.C. 1987), *aff'd.*840 F.2d 63 (D.C. Cir. 1988).  Plaintiff claims that she needed voice-activation equipment.  According to Mr. Flueret, who supervised plaintiff during the relevant time period, "neither Ms. Olds nor her physicians ever requested voice activated computer equipment."  Flueret Decl. ¶ 3.  Plaintiff counters  that "[p]hysicians did directly state that plaintiff needed voice activation technology as well as other ergonomic measures in order to remain employed as said agency."  Pl.'s Oppos. at 4 ¶ 6.  Her supporting documents, however, are dated in 2004 and 2005.  *See* Pl.'s Oppos. Ex. 6; Sur-reply [Dkt. No. 28], Exhibit at 2, 3, 5.

"An underlying assumption of any reasonable accommodation claim is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied." *Flemmings v. Howard University*, 198 F.3d 857, 861 (D.C. Cir. 1999).  "Reports about which the defendant employer had absolutely no knowledge nor access prior to [acting] cannot serve as the sole evidentiary basis of establishing an element of a prima facie case of disability discrimination."  *Weigert v. Georgetown University*, 120 F. Supp.2d 1, 8 (D.D.C. 2000).  Plaintiff's medical documents apparently prepared for this litigation are irrelevant to

the claims forming the basis of the complaint.  No reasonable juror could find on this record that defendant either failed to reasonably accommodate plaintiff or knowingly denied her a reasonable accommodation.

Plaintiff also asserts that defendant treated her differently than similarly situated white employees in providing accommodations.  She proffers memoranda dated in early April 1998 purportedly between her and another employee, Scott Nichols, who allegedly was provided voice-activation equipment. Pl.'s Opp., Ex. 17; Sur-reply, Ex. at 24-26 (labeled Ex. 7).[7] Plaintiff has not proffered Mr. Nichols' sworn testimony and has not authenticated the memoranda.  Assuming their admissibility, the memoranda do not support a claim of disparate treatment.  In her "Memo for the record," plaintiff reveals that in response to her inquiry to an apparent human resources officer as to "why the agency will not procure [voice activation] equipment for the employees with Carpal Tunnel Syndrome," she was told that "the IG's office [where Mr. Nichols worked] has it's [sic] separate budget and Mr. Nichols has a degenerative disease."  Pl.'s Ex. 17, Attachment 2.  In addition, in response to plaintiff's inquiry about procuring such equipment, Mr. Nichols responded that it "took me about 2 1/2 years to get the equipment . . . There is a set procedures for 'accommodation' of an employee."  He suggested that plaintiff speak to a Rose Miller.  *Id.*, Attachment 3.  No reasonable juror could find that plaintiff was similarly situated to Mr. Nichols and treated differently because of her race.

---

[7]    Plaintiff also cites to her Exhibit 18.  She does not explain how the documents contained therein support her claim and the Court discerns no relevance.

III.   CONCLUSION

Defendant's motion to dismiss the Title VII claims is granted on the grounds of failure

to exhaust administrative remedies with respect to the retirement related claims and for failure

to state a claim upon which relief may be granted with respect to the workplace related claims

of discrimination and retaliation.   The evidence fails to establish a *prima facie* case under the

Rehabilitation Act.   Defendant's motion for summary judgment on claims arising thereunder

therefore is granted.   A separate Order will issue contemporaneously with this Memorandum

Opinion.

_____s/_____
JOHN GARRETT PENN
United States District Judge

DATE:   February 22, 2006